JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricky Lee Campbell, | No. CV-24-01797-PHX-JAT (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Parties, et al., | |
| Defendants. | |

On July 22, 2024, pro se Plaintiff Ricky Lee Campbell, who is confined in the Arizona State Prison Complex-Eyman, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  In an August 20, 2024 Order, the Court denied the deficient Application to Proceed with leave to refile within 30 days.  On September 6, 2024, Plaintiff filed a new Application to Proceed In Forma Pauperis (Doc. 7).

**I.      Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

### III. Complaint

In his two-count Complaint, Plaintiff sues Unknown Officers #1-10 and Unknown Nurses #1-5. He seeks declaratory and injunctive relief and compensatory and punitive damages. Plaintiff designates Count One as an Eighth Amendment threat-to-safety claim and Count Two as an Eighth Amendment medical care claim. He alleges the same facts for each count, as follows:

On February 7, 2023, Plaintiff was moved to Special Management Unit 1 (SMU 1). Although Plaintiff had a Special Needs Order (SNO) for a lower bunk, Unknown Officer #1 placed Plaintiff in a cell with another prisoner who also had a lower bunk SNO. Unknown Officer #1 refused to move Plaintiff to an alternative cell, stating that it was a "shift change" and that the next shift could "deal with" Plaintiff. Unknown Officer #1 instructed Plaintiff to either climb up to the top bunk or sleep on the floor that was covered in dead roaches, mice feces, and other detritus.

Plaintiff climbed up to the top bunk, but when he tried to climb down, he fell off the ladder and broke his hip. Plaintiff's cellmate called a "man-down"/Incident Command System. Unknown Officers #2-7 and Unknown Nurses #1-2 responded. Unknown Officers #2-7 dragged Plaintiff onto a gurney, causing him excruciating pain. At the medical unit, Unknown Nurses #1-2 briefly examined his hip and told the officers, "He's fine, take him back to his cell." Unknown Officers #2-3 moved Plaintiff into a wheelchair, again causing him excruciating pain. Unknown Officer #3 told Plaintiff, "You better not be making this shit up."

For the next three days, Plaintiff could not move or get out of bed. Plaintiff was forced to urinate in a bowl, which his cellmate emptied for him. Plaintiff could not eat because of the pain he was experiencing, and, as a result, he had no bowel movements. On February 10, 2023, Plaintiff begged Unknown Officers #2-10 to summon medical assistance and asked Medication Pass Nurses #3-5 to assist him. A nurse practitioner came to Plaintiff's cell and immediately recognized the severity of his injury. The nurse practitioner directed Unknown Officers #9-10 to escort Plaintiff to the medical unit. An x-

ray of Plaintiff's hip showed it was "severely broken."  The nurse practitioner called 911, and an ambulance transported Plaintiff to a local hospital, where he underwent hip replacement surgery.  Plaintiff endured a lengthy rehabilitation process to relearn how to walk and continues to experience excruciating pain, which is not adequately treated.

**IV.     Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

With respect to Unknown Officers #2-10 and Unknown Nurses #3-5, Plaintiff does not specifically allege what each Defendant did or failed to do that violated his constitutional rights.  A complaint "does not require 'detailed factual allegations,'" but it must plead enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 555).  Accordingly, a plaintiff must "allege overt acts with some degree of particularity such that his claim is set forth clearly enough to give defendants fair notice" of the allegations against them. *Ortez v. Washington Cnty.*, 88 F.3d 804, 810 (9th Cir. 1996); *see also Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) ("A plaintiff 'must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole."); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (N.D. Cal. 2014) (complaint failed to satisfy Rule 8 where it lacked "facts of defendants' specific wrongdoing to provide fair notice as to what each defendant is to defend.").  Courts consistently conclude that a complaint that "lump[s] together . . . multiple defendants in

one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)).  The Court will therefore dismiss Defendants Unknown Officers #2-10 and Unknown Nurses #3-5.

**V.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated an Eighth Amendment threat-to-safety claim against Unknown Officer #1 and an Eighth Amendment medical care claim against Unknown Nurses #1 and #2.  Although Plaintiff has stated a claim against these Unknown Defendants, the Court will not require service on these Unknown Defendants at this time because it is, in most instances, impossible for the United States Marshal or his designee to serve a summons and complaint upon an anonymous defendant.  However, the Court will not dismiss the claim against Unknown Officer #1 and Unknown Nurses #1 and #2.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  The Court will allow Plaintiff 120 days in which to discover the actual name of one or more of the Unknown Defendants, through subpoena or otherwise, and to substitute at least one of the Defendants' actual names by filing a "notice of substitution."  *See Wakefield*, 177 F.3d at 1163.  The Court may dismiss without prejudice this action if Plaintiff fails to timely file a notice of substitution identifying at least one of the Unknown Defendants, unless Plaintiff seeks and is granted an extension of time.

**VI.    Warnings**

**A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

(2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 7) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Defendants Unknown Officers #2-10 and Unknown Nurses #3-5 are **dismissed** without prejudice.

(4) If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be retyped or rewritten in its entirety on the court-approved form for filing a civil rights complaint by a prisoner (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(5) Plaintiff has **120 days** from the filing date of this Order in which to discover, by subpoena or otherwise, the identity of Unknown Officer #1 and Unknown Nurses #1 and #2, *and* to file a "notice of substitution" for one or more of these Unknown Defendants. . . . .

(6) The Clerk of Court must issue three subpoenas in blank and send them and three copies of the Marshal's Process Receipt & Return form (USM-285) to Plaintiff.

(7) Plaintiff shall complete the subpoenas and USM-285 forms and promptly return them to the Clerk of Court.

(8) Upon receipt of properly completed subpoenas and USM-285 forms, the Clerk of Court must deliver the subpoenas, the USM-285 forms, and a copy of this Order, to the United States Marshal for service.

(9) Within **20 days** of receiving the subpoenas, USM-285 forms, and a copy of this Order, the United States Marshal must personally serve the subpoenas and a copy of this Order in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 566(c) and 1915(d).

(10) Within **10 days** after personal service is effected, the United States Marshal must file the proofs of service.

(11) The Clerk of Court may enter a judgment of dismissal for failure to prosecute without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a notice of substitution within 120 days for at least one of the Unknown Defendants, unless Plaintiff seeks and is granted an extension of time.

Dated this 7th day of October, 2024.

James A. Teilborg
Senior United States District Judge